# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| In re:<br>**DANIELLE MARIE AXELSON,**<br>                  **Debtor.** | CASE NO: 22-11609-cjf<br>CHAPTER 7 |
| **DANIELLE MARIE AXELSON**<br>                  **Plaintiff**<br>vs.<br>**UNITED STATES DEPARTMENT OF EDUCATION**<br>                  **Defendant** | ADV. PRO. CASE NO: |

### Debtor's Complaint to Determine Federal Student Loans Dischargeable for "Undue Hardship" under 11 U.S.C. § 523(a)(8)

### Nature of Action

1. This is an adversary proceeding by which the Debtor seeks a declaration that her federal student loans constitute an undue hardship for the Debtor and should be discharged pursuant to Section 523(a)(8) of the Bankruptcy Code.

### Jurisdiction and Venue

2. On October 5, 2022, the Debtor filed a voluntary petition in the United States Bankruptcy Court for the Western District of Wisconsin for relief under 11 U.S.C. § 727, Chapter 7 of the Bankruptcy Code.

3. This Adversary Proceeding is brought pursuant to 11 U.S.C § 523(a)(8), 15 U.S.C § 1601, 15 U.S.C. § 1692 and Federal Rules of Bankruptcy Procedure Rule 7001.

4. The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 1334 and 157(a) and (b).

5. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) because it relates to the dischargeability of student loans.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1409 because this matter arises in and is related to a bankruptcy case in this district.

## Parties

7. Plaintiff, DANIELLE MARIE AXELSON (hereinafter, "Axelson"), is the debtor in the above-captioned Chapter 7 case.

8. Axelson resides in Beloit, Rock County, Wisconsin, in the Western District of Wisconsin.

9. Axelson is the recipient of federal student loans.

10. Defendant, United States Department of Education (hereinafter, "USDOE"), is a federal agency that oversees and originates federal student loans. It is the originator and holder of the loans at issue.

## Factual Allegations

11. Axelson is a resident of Beloit, Wisconsin. She is 40 years old and lives with her 9-year-old son.

12. In her Chapter 7, Axelson listed her federal student loans held by USDOE and serviced by Great Lakes Educational Loan Servicing, Inc., with a balance of $61,792.00.

13. On January 31, 2023, USDOE filed A Proof of Claim in the Chapter 7 for $61,697.99.

14. The loans were originated between 2010 and 2015. They entered repayment in 2015.

15. The loans were consolidated in 2018.

16. If these loans were not in deferment or income-dependent repayment, the standard payment would be approximately $661.00 per month.

17. Axelson is unable to afford the standard payment as her expenses exceed her income, meaning that, if forced to make the payments, she could not maintain a minimal standard of living for herself and her dependent.

18. Axelson did complete the program of studies for which these loans were taken and received a Bachelor of Science degree with a major in Psychology.

19. Axelson cannot obtain employment in her field of study as generally a master's degree is required and while she has been employed in fields related to her field of study, she has not been able to find employment which pays more than about $11.00 per hour.

20. Axelson worked as a behavioral technician (a field related to her degree) when her bankruptcy was filed, but her income minus expenses at that time meant she was short about $1,700.00 per month. She since has moved into accounts payable work at a building supply company (a field unrelated to her degree), and her income minus expenses (with no student loan payments of any amount) is closer to $0.00 per month or slightly negative.

21. This new job in accounts payable at American Building Corp pay her she earns about $18.00/hour or approximately $37,000.00 per year (Net: $2200-2600/month).

22. Axelson believes that her income is unlikely to substantially improve and her expenses will continue to rise as her son matures. Further, their medical challenges are unlikely to resolve or be cured.

23. Axelson made payments on her student loans since entering repayment between $19.00 and $350.00 per month and she has never defaulted.

24. Axelson did enroll in an income-dependent repayment program, which resulted in the $19.00 per month payment and the growing loan balance. Thus, she has made good faith efforts to repay the loans.

25. In 2022, Axelson filed bankruptcy to free herself of financial burden to enable her to maintain a basic standard of living while raising her 9-year-old son.

26. Axelson has maximized her income while reducing her expenses to the extent possible. Currently, she resides in a home co-owned with her grandfather (who lives elsewhere) and pays the mortgage, escrow, and maintenance.

27. Her current wages from employment are not likely to increase to the point that student loan will be affordable for her.

28. She cannot work a second job or overtime because she must care for her 9-year-old son and attend to her own health issues:

    a. While not declared disabled to the point where she cannot work, both Axelson has ongoing health issues requiring medication and therapy; and

    b. In late 2021 to early 2022, she did attempt to work part-time to supplement her income when her son was with her father (thus no daycare costs), but was attacked by a dog while working as a delivery driver. She now finds herself unable to supplement her income in this way.

    c. In addition, her son also has ongoing health issues requiring medication and therapy.

29. Axelson has received forbearances and deferments on her loans of at least twenty-four months.

30. Axelson has attempted to contact her lender or servicer at least twenty (20) times.

## Claims for Relief

*Declaration that Any Federal Student Loan Obligations Should be Discharged Pursuant to Section 523(a)(8)*

31. Axelson repeats and realleges the allegations contained in paragraphs 1 through 28 of this Complaint as if fully set forth herein.

32. Excepting the student loans under 11 U.S.C. § 523 would impose an undue hardship on Axelson.

33. While a variety of tests have evolved through caselaw over time to address the analysis of undue hardship, at this point most of the circuits - including the Seventh Circuit - have adopted the "additional circumstances" test first promulgated by the Second Circuit in the case of *Brunner v. New York State Higher Educ. Services Corp.*, 831 F.2d 395 (2d Cir. 1987); *Matter of Roberson*, 999 F.2d 1132 (7th Cir. 1993). This test provides that a student loan may not be discharged unless the debtor demonstrates:

    a. That the debtor cannot maintain, based on current income and expenses, a "minimal" standard of living for himself and his dependents if forced to repay the loans;

    b. That additional circumstances exist indicating that this state of affairs is likely to persist for a significant portion of the repayment period of the student loans; and

    c. That the debtor has made good faith efforts to repay the loans.

34. Axelson is prepared to submit an "Attestation in Support of Request for Stipulation Conceding Dischargeability of Student Loans" to the Defendant, which further demonstrates her particular situation addresses and comports with each prong of the Brunner test.

35. As a result, Axelson's federal student loan obligation should be discharged pursuant to 11 U.S.C. § 523(a)(8).

WHEREFORE, the Debtor demands judgment declaring that her Federal student loan is discharged pursuant 11 U.S.C. § 523(a)(8).

Dated at Milwaukee, Wisconsin, this February 21, 2023,

> Respectfully Submitted,
> DANIELLE MARIE AXELSON
> By her attorney,
>
> /s/Deborah A. Stencel
> Deborah A. Stencel, SBN 1084167
> Miller & Miller Law, LLC
> 633 W Wisconsin Ave, Ste 500
> Milwaukee, Wisconsin 53203
> Tel:   414-395-4501
> Fax:   414-277-1303
> deborah@millermillerlaw.com