IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

IN RE:

DANIELLE MARIE AXELSON,                      Case No. 22-11609-cjf

                Debtor.                               Chapter 7

DANIELLE MARIE AXELSON,

                Plaintiff,

v.                                                          Adversary Case No. 23-00005

U.S. DEPARTMENT OF EDUCATION,

                Defendant.

**JOINT PRETRIAL STATEMENT**

Plaintiff Danielle Marie Axelson, by her attorney, Deborah A. Stencel, and defendant U.S. Department of Education (Education), by its attorney, Timothy M. O'Shea, United States Attorney for the Western District of Wisconsin, and Theresa (Esa) M. Anzivino, Assistant United States Attorney, submit this pretrial statement, pursuant to the Court's preliminary pretrial order, dated February 21, 2023.

**I.**      **FOR PLAINTIFF**

      **a.**      **Theory of Cause of Action**

      1.     Plaintiff's student loans should not be excepted from discharge un 11 U.S.C. Sec. 523(a)(8) as doing so would impose an undue hardship on her.

1

  i.  Plaintiff cannot maintain, based on her current income and expenses, a "minimal" standard of living for herself and her dependents if forced to repay the loans;

  ii.  Additional circumstances exist indicating that this state of affairs is likely to persist for a significant portion of the repayment period of the student loans; and

  iii.  Plaintiff has made good faith efforts to repay the loans.

**b.  Plaintiff's Contentions of Fact and the Evidence to be Relied Upon**

1. Axelson is a resident of Beloit, Wisconsin. She is 40 years old and lives with her 9-year-old son.

2. In her Chapter 7, Axelson listed her federal student loans held by Education and serviced by Great Lakes Educational Loan Servicing, Inc., with a balance of $61,792.00.

3. On January 31, 2023, Education filed A Proof of Claim in chapter 7 for $61,697.99.

4. The loans originated between 2010 and 2015 and entered repayment in 2015.

5. The loans were consolidated in 2018.

6. If these loans were not in deferment or income-dependent repayment, the standard payment would be approximately $661.00 per month.

7. Axelson is unable to afford the standard payment as her expenses exceed her income, meaning that, if forced to make the payments, she could not maintain a minimal standard of living for herself and her dependent.

8. Axelson completed the program of studies for which these loans were taken and received a Bachelor of Science degree with a major in Psychology.

9. Axelson cannot obtain employment in her field of study as generally a master's degree is required and while she has been employed in fields related to her field of study, she has not been able to find employment which pays more than about $11.00 per hour.

10. Axelson worked as a behavioral technician (a field related to her degree) when her bankruptcy was filed, but her income minus expenses at that time meant she was short about $1,700.00 per month. She since has moved into accounts payable work at a building supply company (a field unrelated to her degree), and her income minus expenses (with no student loan payments of any amount) is closer to $0.00 per month or slightly negative.

11. Currently, Axelson earns about $18.00/hour or approximately $37,000.00 per year (Net: $2200-2600/month).

12. Axelson believes that her income is unlikely to substantially improve and her expenses will continue to rise as her son matures. Further, their medical challenges are unlikely to resolve or be cured.

13. Axelson made payments on her student loans since entering repayment between $19.00 and $350.00 per month and she has never defaulted.

14. Axelson did enroll in an income-dependent repayment program, which resulted in the $19.00 per month payment and the growing loan balance. Thus, she has made good faith efforts to repay the loans.

15. In 2022, Axelson filed bankruptcy to free herself of financial burden to enable her to maintain a basic standard of living while raising her 9-year-old son.

16. Axelson has maximized her income while reducing her expenses to the extent possible. Currently, she resides in a home co-owned with her grandfather (who lives elsewhere) and pays the mortgage, escrow, and maintenance.

17. Her current wages from employment are not likely to increase to the point that student loan payments will be affordable for her.

18. She cannot work a second job or overtime because she must care for her 9-year-old son and attend to her own health issues:

   i. While not declared disabled to the point where she cannot work, both Axelson and her son have ongoing health issues requiring medication and therapy; and

   ii. In late 2021 to early 2022, she did attempt to work part-time to supplement her income when her son was with her father (thus no daycare costs), but was attacked by a dog while working as a delivery driver. She now finds herself unable to supplement her income in this way.

   iii. In addition, her son also has ongoing health issues requiring medication and therapy.

19. Axelson has received forbearances and deferments on her loans of at least twenty-four months.

20. Axelson has attempted to contact her lender or servicer at least twenty (20) times.

21. <u>Evidence</u>:

   a. Testimony of Danielle Axelson;

   b. Bankruptcy petition and schedules;

   c. Loan origination documents, consolidation documents, related materials, payment histories, and contact lender/servicer contact logs;

   d. Axelson's post-secondary transcripts;

   e. Axelson's employment history, including resumes, curriculum vitae, and online profiles;

   f. Axelson's job search history, applications, rejection letters, other media, including job requirements for current position and any positions related to her field of study;

   g. Expert testimony regarding employment in Axelson's field of study and prospects in Axelson's current field;

   h. Proof of current income including pay advices and bank statements

   i. Owner or manager testimony regarding current employment and future earning potential;

j. Proof of current expenses, including billing statements and bank statements;

k. Proof of medical expenses (both ongoing and related to the dog attack) including billing statements, medical records, prescription records, and receipts with respect to Axelson and her dependent;

l. Rebuttal evidence not yet determined.

## II. FOR DEFENDANT

### a. Theory of Defenses

1. Plaintiff cannot meet the requirements to entitle her to a discharge of her Education-owned student loans based on undue hardship.

2. Plaintiff will not be able to establish undue hardship because, depending on the nature of the health issues alleged in her Complaint, she has not pursued alternatives for addressing her student loan debt, such as a Total and Permanent Disability Discharge (administrative discharge) or otherwise attempted to exhaust her administrative remedies.

### b. Defendant's Contentions of Fact and the Evidence to be Relied Upon

1. On or about April 25, 2018, Plaintiff executed a federal direct consolidation loan application and promissory note with Education.

2. On May 21, 2018, Plaintiff received two loan disbursements that had a cumulative total of $61,697.99.

3. As of March 12, 2023, the balance owed by Plaintiff to Education on her student loans totaled $60,374.39, plus unpaid and accrued interest of $1,323.60, totaling $61,697.99.

4. The account has been credited $564.00.

5. <u>Evidence</u>: loan documents and payment history, as well as any documents provided to Education by Plaintiff.

III. **FOR ALL PARTIES**

a. **Date, Time, and Location of Conference**

1. Counsel conferred by telephone on March 23, 2023.

b. **Admitted or Uncontested Facts**

1. The Western District of Wisconsin is the appropriate venue.

2. The Court has jurisdiction over the above adversary proceeding.

3. This is a core proceeding.

4. The Plaintiff is seeking a determination of dischargeability of student loan debt with Education pursuant to 11 U.S.C. § 523(a)(8).

5. Plaintiff is indebted to Education for loans that are educational loans falling under 11 U.S.C. § 523(a)(8).

6. The parties may later stipulate to certain other facts after discovery is conducted. The parties already have started to discuss the exchange documents, specifically an attestation form that Education has asked borrowers to complete when seeking discharge of their student loans. Once counsel for Education receives that attestation and reviews it, the parties will continue to

discuss what information, if any, Education may need to determine whether it may agree that Plaintiff's student loan debt creates an undue hardship for her.

**c.     Contested Facts**

1. The contested facts will center around Plaintiff's past, present, and future ability to repay her student loan indebtedness

**d.     Contested Legal Issues**

1. Whether Plaintiff can meet her burden of proving undue hardship.

2. Whether Plaintiff qualifies for a discharge on her student loans with Education under *Brunner v. New York State Higher Educ Servs. Corp.*, 831 F.2d 395 (2d Cir. 1987) as adopted by the Seventh Circuit in *In re Roberson*, 999 F.2d 1132 (7th Cir. 1993).

Dated this 3rd day of May, 2023.

Respectfully submitted,

TIMOTHY M. O'SHEA
Acting United States Attorney

By:
*s/ Theresa M. Anzivino*
THERESA (ESA) M. ANZIVINO
Assistant United States Attorney
Western District of Wisconsin
222 West Washington Avenue, Suite 700
Madison, Wisconsin 53703
Telephone: (608) 264-5158

 /s/Deborah A. Stencel ]
DEBORAH A. STENCEL
Miller & Miller Law, LLC
633 W. Wisconsin Ave., Suite 500
Milwaukee, WI 53203

Telephone: (414) 395-4501